IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00383-RPM-CBS

MICHAEL MCCRAY, Individually; and
MICHAEL MCCRAY and SHARA
MCCRAY, as next friend and parents for
AUSTIN MCCRAY, minor protected person,

        Plaintiffs,

   v.

USAA CASUALTY INSURANCE
COMPANY,

        Defendant.

---

### STIPULATED PROTECTIVE ORDER

---

To expedite the flow of discovery material, to facilitate the prompt resolution of discovery disputes, and to protect the confidentiality of documents produced or information disclosed, the production of which could harm a party's competitive standing, Plaintiffs Michael McCray and Austin McCray ("Plaintiffs") and Defendant USAA Casualty Insurance Company ("USAA CIC") stipulate as follows:

The parties will follow the procedures set forth in this Stipulated Protective Order with respect to disclosure of information, documents, or things in this litigation:

    **A.**    **Confidential Information.**

As used in this Stipulated Protective Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean any information, document, or thing that a party (the "Designating Party") furnishes in the course of this litigation and in good faith designates as CONFIDENTIAL INFORMATION pursuant to Paragraphs A.1-4 below.

1.     A party may designate its answers to interrogatories, responses to requests for admissions, any documents produced in response to a request for production of documents, subpoena duces tecum, or otherwise, or any other information provided by it as CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" upon each page of the document, taking care to avoid obscuring any text, before providing it to the opposing party.  Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Receiving Party"), its attorneys, its agents, or its employees, except in accordance with the terms of this Stipulated Protective Order.

2.     In the case of CONFIDENTIAL INFORMATION in a non-paper medium (*e.g.*, video or audio tape, computer discs, CD-ROMs, DVDs, etc.), a party may designate all information therein as CONFIDENTIAL by affixing a legend stating the same to the outside of the medium or container.

3.     To designate a portion of a deposition transcript as CONFIDENTIAL, a Designating Party may either make a statement on the record to that effect or, within ten (10) business days after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific pages of the deposition transcript that counsel for the Designating Party in good faith believes to contain CONFIDENTIAL INFORMATION. Either party may request that this time be shortened and/or that additional time be granted to respond to a motion, pleading or other pending procedural deadline if the information contained in the subject-matter deposition contains evidence relevant to the motion, pleading or other pending procedural deadline.  All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION until the expiration of the ten-day period.  The portions so designated shall not

be utilized or disclosed by the other party, its agents, or its employees, except in accordance with the terms of this Stipulated Protective Order.  All parties shall mark their copies of the transcript by stamping the word "CONFIDENTIAL" on every page so designated.

4.     Documents, testimony, evidence, and other matters may be deemed CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or matter constitutes a trade secret or other confidential research, development, or commercial information, as defined by Colorado Rule of Civil Procedure 26(c)(7); or confidential medical or financial information of an individual.

5.     Documents, testimony, evidence, and other matters shall not be deemed CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or matter:

a.     is, at the time of disclosure by the Designating Party, already in the possession of the Receiving Party, was not acquired from the Designating Party, and has previously been released or produced by the Designating Party without a "Confidential" designation; or

b.     has been made available to the Receiving Party, other than through the discovery process, by a third-party who obtained the same by legal means without any obligation of confidence to the Designating Party.

**B.     Disclosure and Use of Confidential Information**

1.     CONFIDENTIAL INFORMATION shall not be disclosed to any persons other than:

3

a.      the attorneys for the Receiving Party in this litigation and paralegal, support and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

b.      the Receiving Party and officers, directors and employees of the Receiving Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

c.      court reporters, court officials, and the jury involved in this litigation;

d.      experts, consultants and investigators and their staff who are retained by a party for purposes relating to this litigation and who have executed an Agreement in the form attached as Exhibit A; and

e.      any other non-party witnesses or deponents who have executed an Agreement attached as Exhibit A or who have been given a copy of and agree on the record to abide by the Stipulated Protective Order.

2.      CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this litigation and for no other purposes, including any other litigation, whether on the same issues in this case or others, or for any business or personal purpose.  Nothing in this Stipulated Protective Order shall prevent the Designating Party from any use of its own CONFIDENTIAL INFORMATION.

CONFIDENTIAL INFORMATION may not be disclosed to the persons described in Paragraphs B.1.d-e above, unless the party disclosing information to that person determines in good faith

4

that the disclosure is necessary for the purpose of developing testimony of such witness or deponent or reasonably necessary for the conduct of this lawsuit.

      3.     Any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this Stipulated Protective Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION. Counsel for the Parties shall maintain copies of the signed Agreements for a period of six (6) years from the date of the signing of the Agreement.

      4.     CONFIDENTIAL INFORMATION may be copied or reproduced only to the extent reasonably necessary for the conduct of this lawsuit. All such copies or reproductions shall be subject to the terms of this Stipulated Protective Order.

      5.     If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons beyond those included in Paragraph B.1 above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons after they have executed an Agreement in the form attached as Exhibit A, unless the Court rules otherwise.

      6.     Use in Depositions. Material designated as CONFIDENTIAL may be used at a deposition if:

            a.     the counsel for the party using such material advises the witness of the terms of this Stipulated Protective Order, provides a copy to the witness, and the witness agrees on the record to maintain the confidentiality of the material; or

            b.     the witness executes an Agreement attached as Exhibit A to this Stipulated Protective Order.

c.    this requirement shall not apply to the parties and their designated

representatives, who are already covered by the terms of this Stipulated Protective Order.

If the witness refuses to agree to either be bound by the Stipulated Protective Order on

the record or to execute Exhibit A, then the party seeking to use such CONFIDENTIAL

INFORMATION at that witness' deposition must obtain leave from the Court before disclosing

the material to the witness.

7.    Use in Briefs and as Exhibits.  If any document containing

CONFIDENTIAL INFORMATION produced in this litigation is to be filed as an exhibit to any

court record or pleading, or otherwise placed among the court papers in this litigation, the party

filing the material shall submit the document containing CONFIDENTIAL INFORMATION in

accordance with Colorado Rule of Civil Procedure 121, Section 1-5.

**C.    No Waiver.**

The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the

procedures set forth in this Stipulated Protective Order shall not constitute a waiver of any trade

secret or any intellectual property, proprietary, or other rights to or in such information.

**D.    Application of this Stipulated Protective Order.**

This Stipulated Protective Order shall apply to all discovery responses or papers,

deposition transcripts, summaries, notes, abstracts, or other documents or information that

comprise, embody, or summarize any documents or information, in any form, produced in this

litigation that contain CONFIDENTIAL INFORMATION.  Nothing in this Stipulated Protective

Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or

abridge the rights of any party to seek judicial review or to pursue other appropriate judicial

action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION. Agreement to the terms of this Stipulated Protective Order is without prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Order with respect to specific documents or information.

      **E.    Confidentiality Challenge.**

      A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for the objection. All designations and objections must be made in good faith. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. The party asserting the CONFIDENTIAL designation will bear the burden of proving such protection is warranted. Pending any court ruling, the provisions of this Stipulated Protective Order shall apply and disclosure and use of the challenged documents or information shall not be made except as provided under this Stipulated Protective Order.

      **F.    Confidential Information at Trial.**

      The designation of any information, documents, or things as CONFIDENTIAL pursuant to this Stipulated Protective Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation. Nothing in this Stipulated

Protective Order, however, shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation objections concerning admissibility, materiality, and privilege. The parties to this Stipulated Protective Order expressly reserve at this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be used in an evidentiary hearing or at trial. The parties may request special procedures or in camera treatment.

    **G.    Inadvertent Disclosure**

    If, due to inadvertence or mistake, a designation of CONFIDENTIAL INFORMATION is not timely made at the time of disclosure or pursuant to this Stipulated Protective Order, a party or third-party witness may request from the other party the right to a late designation of documents or information as such by serving the request in writing on the other party(s) along with the basis for the late designation. Following such request, the other party may object to the untimely designation. If a party objects to the request, the party requesting the late designation may file an appropriate motion within ten (10) business days seeking a determination from the Court as to whether the untimely designation should be allowed and whether the disputed information should be subject to the terms of this Stipulated Protective Order. Pending any Court ruling, the provisions of this Stipulated Protective Order shall apply and disclosure and use of the challenged documents or information shall not be made except as provided under this Stipulated Protective Order.

    If there is no objection to the request, then the terms of this Stipulated Protective Order shall apply and further disclosure of the CONFIDENTIAL INFORMATION following such

designation shall be made only in accordance with this Stipulated Protective Order. The disclosure of the CONFIDENTIAL INFORMATION before such designation shall not be deemed a waiver of the designating party's right to preserve the alleged proprietary, confidentiality, or trade secret status of the CONFIDENTIAL INFORMATION. The disclosure of the CONFIDENTIAL INFORMATION before such designation also shall not be considered a violation or breach of the Stipulated Protective Order, but nothing herein shall immunize a disclosure otherwise prohibited by law.

     **H.**    **Specific Disclosure.**

By joint agreement, the parties, through their counsel, may agree to any specific disclosure of CONFIDENTIAL INFORMATION in a particular circumstance without prejudice to the continued application of this Stipulated Protective Order regarding other uses of that CONFIDENTIAL INFORMATION. The Designating Party may refuse to agree to specific disclosure of its CONFIDENTIAL INFORMATION.

     **I.**    **Modification.**

This Stipulated Protective Order may be modified only by Order of the Court or by written agreement of the parties.

     **J.**    **Maintenance of Confidential Information.**

CONFIDENTIAL INFORMATION provided to a Receiving Party shall be securely maintained in the offices of that party's outside counsel. Any recipient of CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area, and the recipient shall exercise due and proper care with respect to the storage, custody, access and use of all such information.

9

**K.    Return or Destruction of Confidential Information.**

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall return all CONFIDENTIAL INFORMATION the parties produced during this case and all copies of such CONFIDENTIAL INFORMATION within (30) days of a written request from the Designating Party, which notice shall be given within (30) days after said final disposition of this case. Counsel of record for the parties shall securely maintain any generated work product relating to CONFIDENTIAL INFORMATION in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, access and use of all such information.  Said work product shall only be retained by counsel of record for the parties and shall not be retained by the parties, the parties' experts, consultants and investigators and their staff, or any other non-party witnesses or deponents who have executed an Agreement attached as Exhibit A or who have been given a copy of and agree on the record to abide by the Stipulated Protective Order.  Counsel of record for the parties further agree that any above-referenced retained work product relating to CONFIDENTIAL INFORMATION shall not include verbatim, substantially verbatim, and/or complete copies of all CONFIDENTIAL INFORMATION disclosed by the other party.

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for the party disclosing CONFIDENTIAL INFORMATION to an individual included within Paragraphs B.1.d-e shall provide written notice to that individual of the final disposition of the case and shall ask that individual to execute an affidavit, attached as Exhibit B, within thirty (30) business days following the final resolution of this action.  In

10

response to such a request, individuals included under Paragraphs B.1.d-e shall execute an

affidavit, attached as Exhibit B, and shall return the executed affidavit to counsel as requested.


AGREED:

Dated:

Respectfully submitted,

Dated: March 21, 2014.                                    Dated: March 21, 2014.


_____            s/ _____
Sam Barfield                                             John M. Vaught, #9531
Barfield LLC                                             Benjamin J. Delanghe #43563
1665 Grant Street, 2nd Floor                             Wheeler Trigg O'Donnell LLP
Denver, CO 80203                                         370 Seventeenth Street, Suite 4500
Phone: (303) 815-1586                                    Denver, Colorado 80202
Fax: (303) 815-1005                                      Telephone: (303) 244-1800
Email: sambarfield@barfieldlawllc.com                    Facsimile: (303) 244-1879
*Attorney for Plaintiffs*                                Email: vaught@wtotrial.com
                                                                delanghe@wtotrial.com

## ORDER

The preceding Stipulated Protective Order is approved, ordered and entered this 24th

day of ___March___, 2014.  This Stipulated Protective Order may be modified by the Court

at any time, for good cause shown, following notice to all parties and an opportunity for them to

be heard.

BY THE COURT:

_____

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00383-RPM-CBS

MICHAEL MCCRAY, Individually; and
MICHAEL MCCRAY and SHARA
MCCRAY, as next friend and parents for
AUSTIN MCCRAY, minor protected person,

        Plaintiffs,

    v.

USAA CASUALTY INSURANCE
COMPANY,

        Defendant.

---

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

---

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____, 2014, in the above-captioned action and attached hereto, understands the

terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction

of the United States District Court for the District of Colorado, in matters relating to the

Protective Order, and understands that the terms of the Protective Order obligate him/her to use

Confidential Information in accordance with the Protective Order solely for the purposes of the

above-captioned action, and not to disclose any such documents or information derived directly

therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

A - 1

Name: _____

Job Title: _____

Employer: _____

Business Address: _____


Date: _____        _____
                                                   Signature

A - 2

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00383-RPM-CBS

MICHAEL MCCRAY, Individually; and
MICHAEL MCCRAY and SHARA
MCCRAY, as next friend and parents for
AUSTIN MCCRAY, minor protected person,

        Plaintiffs,

    v.

USAA CASUALTY INSURANCE
COMPANY,

        Defendant.

---

**AFFIDAVIT TO RETURN CONFIDENTIAL INFORMATION**

---

STATE OF COLORADO    )
                     ) ss.
COUNTY OF            )

    I, _____, being first duly sworn, depose and state as

follows:

    1.      During the course of this civil action, I received Confidential Information, as that

term is defined in the Stipulated Protective Order entered by the Court dated _____, 2014,

from _____.

    2.      I certify that I have returned all Confidential Information produced by

_____to that party's counsel of record in this action, that was produced

by that party and is in my possession, custody, or control.  The return of such Confidential

Information includes, but is not limited to, any copies, extracts, summaries that have been prepared by me, counsel representing me or my employer in this litigation, or experts or other individuals acting on my or my employer's behalf; copies maintained on electronic storage devices, including but not limited to, computer databases, hard drives, floppy diskettes, and flash drives; and the portions of all transcripts of depositions and testimony that contain or reference Confidential Information.

      3.     I certify that I have destroyed any work product that relates to any Confidential Information produced by _____ in this case.

      4.     Except in accordance with the above-referenced Stipulated Protective Order, I have not either personally or through any representatives or entities retained or maintained any other party's Confidential Information, including but not limited to, any copies, extracts, summaries that have been prepared by me, counsel representing me or my employer in this litigation, or experts or other individuals acting on my or my employer's behalf; copies maintained on electronic storage devices, including but not limited to, computer databases, hard drives, floppy diskettes, and flash drives; and the portions of all transcripts of depositions and testimony that contain or reference Confidential Information.

      5.     I have sent the original of this affidavit, via e-mail and U.S. mail, to each party that has produced Confidential Information to me during the pendency of this action, within thirty (30) business days of the final resolution of this lawsuit.

_____

B - 2

The foregoing Affidavit was acknowledged, subscribed, and sworn to before me this

_____ day of _____, 2014, by _____.


[ S E A L ]


_____
Notary Public

My Commission Expires:_____

B - 3